# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAFAYETTE DIVISION

| | |
|---|---|
| **WARREN GAUTREAUX** | **CIVIL ACTION NO. 06-1403** |
| **VS.** | **SECTION P** |
| **EUNICE CITY JAIL, ET AL.** | **JUDGE DOHERTY** |
| | **MAGISTRATE JUDGE HILL** |

## REPORT AND RECOMMENDATION

Before the court is a civil rights action filed *in forma pauperis* by *pro se* plaintiff, Warren Gautreaux, pursuant to 42 U.S.C. §1983. Plaintiff is an inmate in the Eunice City Jail, in Eunice, Louisiana. Plaintiff complains about the conditions of his confinement at the jail and seeks an order directing the "appropriate authoritative officials to properly investigate and take the necessary steps and appropriate action as deemed to correct said inadequates [sic] as needed." Plaintiff names the Eunice City Jail, Eunice Chief of Police Gary Fontenot, and Assistant Chief Terry Fontenot as defendants.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons, it is recommended that the civil rights complaint be **DENIED** and **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

**STATEMENT OF CLAIM**

Plaintiff is a convicted inmate incarcerated at the Eunice City Jail since approximately May, 2006.[1] In his original and standardized complaints, plaintiff lists a litany of conditions of his confinement which he claims are unconstitutional, namely that the jail is "unsanitary", that the toilets back up when another is flushed, that there is no cold running water in the cells, that because the sleeping racks are mounted too close to the floor, some inmates in effect sleep on the floor, that the air conditioning vents are contaminated with dust or "other non-visible organisms that may be infectious," that there is no medical infirmary and that medicine is distributed by law enforcement officers not medical personnel, that although inmates receive three meals, these meals are insufficient (three doughnuts and a cup of coffee for breakfast, a "regular meal" for lunch, and a corn-dog and ten "tater tots" for dinner), and that the Jail suffers from other "coded violations". Plaintiff seeks no monetary compensation, but rather an investigation of the facility.

**LAW AND ANALYSIS**

**I. Review under § 1915**

Plaintiff has been granted leave to proceed *in forma pauperis* under 28 U.S.C. §1915. Under 28 U.S.C. § 1915(e)(2)(B), a district court is directed to dismiss an action if the court determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); *Bradley v. Puckett*,

---

[1] The record discloses that plaintiff pled guilty to some unspecified offense in the Eunice City Court. [*See* doc. 3-1].

2

157 F.3d 1022, 1025 (5th Cir. 1998); See also 28 U.S.C.A. §1915A, 42 U.S.C.A. §1997e(c). A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v Wyatt,* 157 F.3d 1016, 1019 (5th Cir. 1998) citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory. *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir.1998). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir.1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Independent School District*, 153 F.3d 211, 215 (5th Cir. 1998).

When determining whether a complaint is frivolous or states a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1996) (frivolity); *Bradley,* 157 F.3d at 1025 (failure to state a claim).

Plaintiff has submitted an articulate hand-written *pro se* complaint as well as a standardized complaint setting forth factual information in support of his claims. It thus appears that plaintiff has pleaded his best case. Therefore, further amendment of the complaint is unnecessary.

Accepting all of plaintiff's allegations as true, and, giving plaintiff the benefit of every doubt, the court concludes, for the reasons stated hereinafter, that plaintiff's claims are frivolous and that he has failed to state claims upon which relief may be granted.

## II. Prison Conditions

"The Constitution does not mandate comfortable prisons. . . but neither does it permit inhumane ones...." *Farmer vs. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 1976, 128 L.Ed.2d 811 (1994) citing *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). There are two requirements that must be met to show that a prison official has violated the Eighth Amendment. The first is an objective requirement necessitating that the inmate allege a sufficiently serious deprivation. *Wilson v. Seiter*, 501 U.S. 294, 298, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). Only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to constitute cruel and unusual punishment. *Farmer,* 114 S.Ct. at 1977 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2399, 69 L.Ed.2d 59 (1981); *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999)("[t]o establish an Eighth Amendment claim, the prisoner must demonstrate, *inter alia*, an objective component of conditions so serious as to deprive him of the minimal measure of life's necessities, as when denied some basic human need"). The second subjective component need not be examined if the plaintiff does not objectively demonstrate a sufficiently extreme deprivation of any minimal civilized measure of life's necessities. *Davis v. Scott*, 157 F.3d 1003, 1006 (1998).

Second, the prison official must have acted with a sufficiently culpable state of mind. *Farmer*, 114 S.Ct. at 1977; *Hall v. Thomas*, 190 F.3d 693, 697 (5th Cir. 1999). A prison official's culpable state of mind is one of deliberate indifference which is defined as knowing and disregarding an excessive risk to inmate health or safety. *Farmer*, 114 S.Ct. at 1979. Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind; thus, the test is "subjective recklessness" as used in the criminal law. *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997); *Farmer,* 114 S.Ct. at 1980. Accordingly, negligence and even gross negligence does not implicate the Constitution and does not provide a basis for a § 1983 claim. *Farmer,* 114 S.Ct. at 1978; *Sibley*, 184 F.3d at 489; *Hall*, 190 F.3d at 697.

Plaintiff conclusorily complains that the conditions at that the Eunice City Jail are "unsanitary" and uncomfortable. However, these conclusory allegations fail to set forth constitutional claims under the applicable standard. More specifically, plaintiff's allegations fail to implicate a sufficiently serious deprivation of minimal life necessities or any basic human need. Clearly, prisons need not be completely sanitized or as clean as one's home might be, nor is there any constitutional requirement that there be cold running water in cells, or that sleeping racks be mounted at any certain height from the floor. *See Davis,* 157 F.3d at 1006 citing *Daigre v. Maggio*, 719 F.2d 1310, 1312 (5th Cir.1983) (allegations that cell had blood on the walls, excretion and bread loafs on the floor did not constitute an extreme deprivation so as to violate his rights under Eighth

5

Amendment as plaintiff "has not alleged the sort of 'deprivation of facilities for elementary sanitation' that [the Fifth Circuit] ha[s] observed gives rise to unconstitutional confinement."). Moreover, a minimal range of selection or choice of food, although "likely dull" does not implicate the constitution. *See Jones v. Diamond*, 636 F.2d 1364, 1378 (5th Cir. 1986)(en banc), *overruled on other grounds*, *International Woodworkers of Am. v. Champion Int'l Corp.*, 790 F.2d 1174 (5th Cir.1986), *modified with respect to pretrial detainees on other grounds, Hare v. City of Corinth*, 74 F.3d 633 (5th Cir.1996); *Dorrough v. Hogan*, 563 F.2d 1259, 1261 (5th Cir. 1977). Plaintiff admits that he receives three meals a day, although these meals do not appeal to his taste and contain a limited menu, such allegations do not implicate the constitution. Finally, although inmates must receive adequate medical care while in custody, there is no constitutional requirement that there be an infirmary or medical personnel on the premises. *See Estelle v. Gamble,* 421 U.S. 97, 97 S.Ct. 285 (1976). To the contrary, all that is constitutionally required is "a system of ready access to adequate medical care." *See Hoptowit v. Spellman*, 682 F.2d 1237, 1253 (9th Cir. 1984). Moreover, the constitution does not command that prison inmates be given the kind of medical attention that judges would wish to have for themselves, it prohibits only deliberate indifference to serious medical needs; thus, the fact that the medical care given is not the best that money can buy does not amount to deliberate indifference. *Mayweather v. Foti*, 958 F.2d 91 (5th Cir. 1992); *Norton*, 122 F.3d at 292; *Ruiz v. Estelle*, 679 F.2d 1115, 1149 (5th Cir. 1982), *amended in part and vacated in part on other grounds*, 688 F.2d 266, 267 (5th Cir. 1982).

6

Moreover, plaintiffs' allegations fail to demonstrate deliberate indifference by any named prison official. Thus, the requisite criminal recklessness required for liability herein is lacking. To the contrary, allegations that the jailers do not clean the jail to plaintiff's standards, mount the beds at a higher level than desired by plaintiff or prepare meals that are to plaintiff's liking, fall short of establishing an excessive risk to inmate health or safety, and do not establish that jail officials knowingly disregarded any such risk. Furthermore, plaintiff admits that the jailers distribute medications; thus, there is no basis for a finding of deliberate indifference to plaintiff's medical needs. Finally, plaintiff does not contend that any inmate or detainee has ever contracted any disease or sickness as a result of the alleged dusty vents or toilet conditions. Thus, there is no support for a finding that the jailers were aware of any threat to plaintiff's health or safety. The failure to perceive any risk to plaintiff's health or safety, "while no cause for commendation, cannot...be condemned as the infliction of punishment." *Farmer, supra*.

In sum, plaintiff has not objectively demonstrated a sufficiently extreme deprivation of any minimal civilized measure of life's necessities, nor has he alleged facts to establish that the defendants acted with deliberate indifference. Accordingly, plaintiff has failed to set forth constitutional claims. These claims should therefore be dismissed as both frivolous and as failing to state claims upon which relief may be granted.

**III. Plaintiff's Claim against the Eunice City Jail**

Additionally, plaintiff names the Eunice City Jail as a defendant in this action. However, the Eunice City Jail is not proper defendants in this §1983 lawsuit. A jail is not a legal entity capable of being sued. *See Wright v. El Paso County Jail*, 642 F.2d 134, 136 n. 3 (5th Cir.1981); *Blunt v. Bowles*, 1997 WL 527322 (N.D. Tex. 1997) *citing Darby v. Pasedena Police Department,* 939 F.2d 311, 313-14 (5th Cir. 1991). A prison facility or a "department" within a prison facility is not a "person" under §1983. *Oladipupo v. Austin*, 104 F.Supp.2d 626, 641-42 (W.D.La.2000); *Marsden v. Federal B.O.P.*, 856 F.Supp. 832 (S.D.N.Y. 1994). *See also Powell v. Cook Co. Jail*, 814 F.Supp. 757, 758 (N.D.Ill. 1993); *McCoy v. Chesapeake Corr. Ctr.*, 788 F.Supp. 890, 893 (E.D.Va. 1992); *Brooks v. Pembroke City Jail,* 722 F.Supp. 1294, 1301 (E.D.N.C.1989). Accordingly, plaintiff's claim against the Eunice City Jail lacks an arguable basis in fact and law and should therefore be dismissal as frivolous.

For the reasons set forth above;

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A

party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** See *Douglas v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana on January 3, 2007.

                                                                                 C. MICHAEL HILL
                                                                                 UNITED STATES MAGISTRATE JUDGE